The Chief Justice
delivered the opinion of the court.*
We are of opinion that the circuit court in this case erred in permitting the deposition taken on the part of the plaintiff in that court to be read in evidence.
On Saturday, the sixth day of the term, the cause was set for trial and the defendant was attending court from an ad *21 joining county waiting for the trial, when the notice, after one o’clock of that day, was served on him to take the deposition between 7 o’clock in the morning and one in the evening of the Monday following, at the distance of 38 miles from the court house. To have attended at the taking the deposition, he must not only have left the court and his counsel with the imminent hazzard of its being called and disposed of in his absence, but he must have ridden on Sunday, to have reached in due time the place of taking the deposition, and after it was taken, he must have ridden in the night to have returned to the court on Tuesday, when the cause was in fact called and tried.
A notice to take depositions, which requires exertions much beyond the usual mode of traveling, is not reasonable.
Bibb for plaintiff, Haggin for defendant.
A notice requiring this to be done on the part of the litigant, cannot be deemed reasonable.
Judgment must be reversed with costs, and the cause be remanded for a new trial.

 Absent, Judge Rowan.